**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| JAMES D. LEWIS,                       ) | |
|     ID #B-52327,                          ) | |
|         Plaintiff,                             ) | |
| vs.                                                ) | No. 3:16-CV-2309-B-BH |
|                                                     ) | |
| UNITED NATIONS GENERAL    ) | |
| ASSEMBLY, et al.,                      ) | |
|         Defendants.                        ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this pro se case has been automatically referred for judicial screening. Before the Court is the plaintiff's required certificate of inmate trust account, received August 9, 2016 (doc. 4), which is liberally construed as a motion for leave to proceed *in forma pauperis*. Based on the relevant filings and applicable law, the application should be denied, and this case should be summarily **DISMISSED** as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless the plaintiff timely pays the filing fee.

**I. BACKGROUND**

On August 9, 2016, James D. Lewis (Plaintiff), an inmate at the Dixon Correctional Center in Dixon, Illinois, filed a complaint against the United Nations General Assembly, the Governor of the State of Texas, Edward Snowden, Gas Stations of America, the Secretary of Defense, and unnamed John and Jane Does. (doc. 3 at 1-3.)[1] He claims he is suing because of serious security and safety concerns that the defendants are "turning a blind eye towards the situations [in] the gas stations of America because there is not any security guards in a lot of America gas stations." (*Id.* at 2.) He appears to claim that the stations could become "a chemical weapon [of] warfare and a

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

chain reaction within the countries which can lead to massacre killings," and that it is his job to protect the United States and the world. (*Id.*) No process has been issued.

## II. THREE STRIKES

Because he is a prisoner seeking to proceed *in forma pauperis*, the plaintiff's action is subject to review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision in § 1915(g). It provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

The plaintiff has filed numerous actions in federal court and has had more than three prisoner civil actions dismissed as frivolous. *See Lewis v. Champion Barbell CEO, et al.,* No. 3:16-CV-1420-L (N.D. Tex. May 31, 2016), citing *Lewis v. Baldwin*, No. 16-C-50108 (N.D. Ill. May 9, 2016) (listing cases). Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. The plaintiff has made no allegations suggesting that he is in imminent danger of serious physical injury. He must therefore prepay the filing fee before he may proceed with his case.

## III. RECOMMENDATION

The plaintiff's application for leave to proceed *in forma pauperis* should be denied, and his claims should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless

he pays the full $400 filing fee[2] prior to acceptance of this recommendation or before a deadline otherwise established by the Court.

**SIGNED this 11th day of August, 2016.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id.*