# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JAMES D. LEWIS, | ) | |
| ID #B-52327, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:16-CV-2309-B-BH |
| | ) | |
| UNITED NATIONS GENERAL | ) | |
| ASSEMBLY, et al., | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this *pro se* case was automatically referred for judicial screening. Before the Court is the plaintiff's request to reopen the case, received December 8, 2017 (doc. 8). Based on the relevant filings and applicable law, the request should be construed as a motion under Fed. R. Civ. P. 60(b) and denied.

## I. BACKGROUND

On August 9, 2016, James D. Lewis (Plaintiff), an inmate at the Dixon Correctional Center in Dixon, Illinois, filed a complaint against the United Nations General Assembly, the Governor of the State of Texas, Edward Snowden, Gas Stations of America, the Secretary of Defense, and unnamed John and Jane Does. (doc. 3 at 1-3.)[1] He claimed to be suing because of serious security and safety concerns that the defendants are "turning a blind eye towards the situations [in] the gas stations of America because there is not any security guards in a lot of America gas stations." (*Id.* at 2.) He appeared to claim that the stations could become "a chemical weapon [of] warfare and a chain reaction within the countries which can lead to massacre killings," and that it was his job to protect the United States and the world. (*Id.*) He also moved for leave to proceed *in forma*

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

*pauperis*. (*See* doc. 4.) On August 11, 2016, it was recommended that the motion for leave to proceed *in forma pauperis* be denied, and that the case be summarily dismissed as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g), unless the plaintiff timely paid the filing fee. (*See* doc. 5.) The recommendation was accepted, and the case was dismissed as three-strikes barred on August 30, 2016. (*See* docs. 6, 7.) Plaintiff's December 8, 2017 filing, entitled "'Trading with the Enemy Act' and 'Tariff Act,'" asks that the Court reopened his case and have law enforcement and politicians go talk to him. (*See* doc. 8 at 2.)

## II. RULE 60(b)

Plaintiff's request to reopen his case may be liberally construed as a motion seeking relief under Federal Rule of Civil Procedure 60(b). *See Smith v. Texas Dep't of Criminal Justice, Institutional Div.* 79 F. App'x 61, 62, (5th Cir. 2003).

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. Proc. 60(b)(1)-(6). Because Plaintiff's request does not allege any of the bases for relief under paragraphs (1) through (5), it may be construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002).

Rule 60(b)(6) is "a residual clause used to cover unforeseen contingencies; that is, it is a

means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216. In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth several considerations for evaluating a motion under Rule 60(b)(6): (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *Id.* at 402.

Plaintiff has not alleged extraordinary circumstances such that denial of his motion would be "so unwarranted as to constitute an abuse of discretion." *See Vafaiyan v. City of Wichita Falls*, 398 Fed.App'x 989, 990 (5th Cir. 2010) (noting standard of review for denial of Rule 60(b) motions). Nor would granting his motion be consistent with the considerations listed in *Seven Elves*. His allegations are fantastic and delusional, and he is barred from proceeding *in forma pauperis* without prepayment of the filing fee under the three-strikes rule.

### III. RECOMMENDATION

Plaintiff's request to reopen his case should be construed as a motion under Fed. R. Civ. P. 60(b) and **DENIED**.

**SIGNED this 11th day of December, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE